UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22692-BLOOM

ARTHUR LOPEZ,

    Plaintiff,

v.

ACTUALIDAD RADIO LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On July 17, 2023, Plaintiff Arthur Lopez filed a *pro se* Complaint alleging multiple causes of action, ECF No. [1] and Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under that statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (alterations added). Upon initial screening, the Court finds Plaintiff's Complaint must be dismissed and the Application denied, because the Complaint fails to state a claim upon which relief can be granted.

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Rule 8(a)(2), which requires that a pleading

contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Under Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added). While there are various types of shotgun pleadings, their "unifying characteristic" is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*, 792 F.3d at 1323 (alteration added; footnote call number omitted). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Complaint here is a quintessential shotgun pleading, violating Rule 8(a)(2). It does not "separate[] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322-23. The cover page of the complaint indicates that Plaintiff is pleading seven causes of action against multiple Defendants. ECF No. [1] at 1. The Complaint also includes a statement of facts which spans fifteen pages. *Id*. at 4-19. However, nowhere in the Complaint are the separate claims delineated with the relevant facts pled in support of each individual claim. *See id*.

Additionally, The Complaint does not conform with the requirements of Federal Rule of Civil Procedure 10(b). Fed. R. Civ. P. 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id*. Rule

Case No. 23-cv-22692-BLOOM

10(b) also specifies that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id*.

Because Plaintiff failed to comply with Rules 8(a)(2) and 10(b) the Complaint does not provide "adequate notice" to Defendants, let alone the Court, "of the claims against [Defendants] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Motion to Proceed *in forma pauperis*, **ECF No. [3]**, is **DENIED WITHOUT PREJUDICE**.

3. On or before **August 14, 2023**, Plaintiff shall file an Amended Complaint that corrects the deficiencies noted above.

4. With the filing of the Amended Complaint, Plaintiff shall either pay the filing fee of $402.00, or file a second Application to Proceed *in forma pauperis* that corrects the deficiency noted above.

5. Failure to comply with this Order will result in dismissal of this case without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Arthur Lopez
P.O. Box 13081
Newport Beach, CA 92658
PRO SE

3